UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRBR, INC., d/b/a SUPERIOR BUICK GMC and TRBR II, INC., d/b/a/ SUPERIOR BUICK,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>    Defendant. | Case No. 20-11269<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION [61] AND FOR EX PARTE TEMPORARY RESTRAINING ORDER [62]**

This is a dispute between one or two auto dealerships (collectively "TRBR") and General Motors, LLC, the manufacturer and distributor of the cars to the dealerships. In its amended complaint, TRBR alleged that GM (and a related, now-dismissed entity) accused it of abusing GM's family discount program by selling "too many cars to Arabs with . . . discount codes[.]" (ECF No. 13, PageID.85–86.) So then, says TRBR, GM singled it out for enhanced family-verification procedures that damaged its business. (*Id.* at PageID.86–88.) TRBR sued GM and the related entity, alleging sixteen claims under both federal and Michigan law. (*See generally id.*)

Following two motions to dismiss, the dispute narrowed significantly. *See TRBR, Inc. v. Americredit Fin. Servs., Inc.*, No. 20-11269, 2021 WL 1165599 (E.D. Mich. Mar. 26, 2021) ("*TRBR I*"); *TRBR, Inc. v. Americredit Fin. Servs., Inc.*, No. 20-11269, 2021 WL 4522306 (E.D. Mich. Oct. 4, 2021) ("*TRBR II*"). First, the Court

dismissed all but two federal claims against GM. *TRBR I*, 2021 WL 1165599, at *11. Of particular note here, the Court dismissed four claims against GM under the Michigan Motor Vehicle Franchise Act. *Id.* at *8–10. And the Court "put[] the parties on notice that, having now fully analyzed the claims and having a better understanding of the disparate nature of the federal and state claims, it may not continue to exercise supplemental jurisdiction over the state law claims." *Id.* at *11, n.3. A few months later, the Court dismissed one of those two federal claims against GM and dismissed every claim against the other entity. *TRBR II*, 2021 WL 4522306, at *8. So, as the Court explained, the "only claim remaining in this action is the Automobile Dealer's Day in Court Act claim . . . against GM." *Id.*

The case then proceeded to discovery on that single claim. (*See, e.g.*, ECF No. 41.)

On November 4, 2022, TRBR filed two motions: (1) a motion for injunction to stay the "expiration of [TRBR's] state dealer licenses and to prohibit General Motors LLC from terminating [TRBR's] franchise to preserve the status quo," (ECF No. 61), and (2) a motion for a temporary restraining order directing GM to "immediately cease and desist from any and all efforts to terminate the Agreement [and t]o appear in Court for a hearing on Plaintiffs' Motion for Injunction" (ECF No. 62). It is not entirely clear how the relief sought by the motions is different.

In any case, in both motions, TRBR explained that it no longer has an established place of business. (ECF No. 61, PageID.1005; ECF No. 62, PageID.1020.) And because it no longer has an established place of business, two things have

2

happened. First, GM sent a letter on October 6, 2022, noting that TRBR has not conducted business at its dealership since "early 2022." (ECF No. 61-1, PageID.1009.) So GM said that, pursuant to the dealer agreement and Michigan law, it "hereby terminates the dealer agreement effective November 7, 2022." (*Id.* at PageID.1010.) Second, TRBR explained that its Michigan dealer license is set to expire on December 31, 2022, and the license cannot be renewed without an established place of business. (ECF No. 61, PageID.1002; ECF No. 62, PageID.1020.)

For the reasons that follow, the Court will deny TRBR's motions. (ECF Nos. 61, 62.)

I.

Start with TRBR's motion for preliminary injunction. (ECF No. 61.) Again, this motion asks the Court to "issue an injunction to stay the expiration of Plaintiffs' state dealer licenses and to prohibit General Motors LLC from terminating [its] franchise[.]" (ECF No. 61, PageID.1007.) In other words, TRBR says that "[p]ursuant to Michigan law, [it] should be able to maintain the status quo pending the final order regarding the parties' rights." (*Id.* at PageID.1003.)

For starters, the State of Michigan is not a party to this case, so even if the Court were inclined to issue a preliminary injunction, it could not issue an injunction to stay the expiration of TRBR's state licenses. *See Roden v. Floyd*, No. 16-11208, 2019 WL 5653384, at *2 (E.D. Mich. Oct. 31, 2019) ("It is a basic principle of law that a court cannot 'make a decree which will bind any one but a party; . . . it cannot lawfully enjoin the world at large, no matter how broadly it words its decree . . . its

3

jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court." (quoting *Swetland v. Curry*, 188 F.2d 841, 844 (6th Cir. 1951)). Thus, the Court will only consider the relief sought against GM.

"A preliminary injunction is an 'extraordinary and drastic remedy' that 'is never awarded as of right[.]'" *Robinson v. Long*, 814 F. App'x 991, 994 (6th Cir. 2020) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "In determining whether to issue a preliminary injunction, a district court should consider four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Handel's Enterprises, Inc. v. Schulenburg*, 765 F. App'x 117, 121 (6th Cir. 2019) (citing *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)).[1] "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id.*

1.

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Schulenburg*, 765 F. App'x at 121 (citing *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000)).

---

[1] TRBR's motion cites the Michigan rule governing preliminary injunctions, rather than the federal standard. (*See* ECF No. 61, PageID.1003.) Regardless, the factors are the same.

The Court finds that there is no likelihood of success on the merits here. As explained, only a single claim against GM under the Automobile Dealer's Day in Court Act remains in this case. (*See* ECF No. 13, PageID.111.) This claim centers on GM's past "bad faith conduct and wrongful acts[,]" and the only relief sought is money damages. (*Id.*) In other words, this case has nothing to do with TRBR's franchise. So even if TRBR were to prevail in this case, it would have no effect on TRBR's franchise or the so-called "status quo." Simply put, no claim in this case leads to the remedy TRBR seeks in this motion for preliminary injunction. So TRBR has no likelihood of success on the merits of preventing GM from terminating this agreement, at least as the case stands now.

Nor is it for this Court to even address this issue. TRBR's motion says that its right to relief arises from "Michigan law[.]" (ECF No. 61, PageID.1003.) (And the motion for TRO suggests the claim is one under the Michigan Franchise Investment Law, Mich. Comp. Laws § 445.1501 *et. seq.*) But, again, this case has nothing to do with Michigan law. The Court already dismissed every state-law claim. Beyond that, there are jurisdictional problems with this argument. The parties here are both residents of Michigan, so the Court would not have diversity jurisdiction over any new state claims. (*See* ECF No. 13, PageID.79–80.) And, as the Court already hinted in its opinion on the first motion to dismiss, it would decline supplemental jurisdiction over any new state-law claims. *See TRBR I*, 2021 WL 1165599, at *11 n.3. So any amendment to the pleadings to seek additional relief under Michigan law would be futile.

Because the Court finds that TRBR has no likelihood of success on the merits, this factor weighs decisively against issuing a preliminary injunction.

**2.**

A party's harm is "irreparable" when it cannot be adequately compensated by money damages. *See Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002). In weighing an alleged harm, "courts consider the substantiality of the harm, its likelihood, and the adequacy of the proof provided." *Jenkins v. Michigan Dep't of Corr.*, No. 14-1675, 2015 WL 13928757, at *2 (6th Cir. Sept. 3, 2015) (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)). In establishing the harm, the Sixth Circuit requires "that the record contain evidence from which [a court] can make specific findings." *Celebrezze*, 812 F.2d at 291.

TRBR says that a "GM franchise is a unique item. It is not something that can be replaced or compensated for monetarily. Should [TRBR's] GM franchise be terminated, it cannot be replaced, and it is unlikely that [TRBR] will be able to obtain a GM franchise in the future." (ECF No. 61, PageID.1004.) That is basically all TRBR says about the threat of irreparable harm. Indeed, TRBR neither explains why the loss of its franchise cannot be compensated with money damages nor why it would not be able to obtain a GM (or similar) franchise in the future, let alone provide evidence on this point. So the evidence of irreparable harm is lacking. *See Celebrezze*, 812 F.2d at 291.

True, a "loss of business goodwill may constitute irreparable harm because of the difficulty in calculating damages." *See Langley v. Prudential Mortg. Capital Co., LLC*, 554 F.3d 647, 649 (6th Cir. 2009). But TRBR does not dispute that it sold the land its dealership had operated on and that the dealership has been out of operation for some time. (ECF No. 61, PageID.1005.) So it is likely that the harm to its business is in the past. And "a past harm . . . is not an adequate basis for a preliminary injunction." *See A.M.C. v. Smith*, No. 3:20-CV-00240, 2022 WL 3210809, at *11 (M.D. Tenn. Aug. 9, 2022) (citing *Gale v. O'Donohue*, 751 F. App'x 876, 885 (6th Cir. 2018)).

Finally, TRBR's troubles with GM flow from the fact that it "do[es] not have an established place of business." (ECF No. 61, PageID.1005.) But TRBR also does not dispute that *it* sold the land. (*Id.*) And while TRBR says GM "forced" the sale, the Court is not entirely convinced that this harm was not self-inflicted. *See* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2948.1 (3d ed. 2022) ("Not surprisingly, a party may not satisfy the irreparable harm requirement if the harm complained of is self-inflicted.").

In sum, this factor also weighs against granting an injunction.

\* \* \*

Given that TRBR has failed to show either a substantial likelihood of success on the merits or an adequate threat of irreparable injury, the last two factors of the four-factor balancing test do not alter the outcome of this case. So the Court declines to consider them. *See Schulenburg*, 765 F. App'x at 121; *In re DeLorean Co.*, 755 F.2d

1223, 1228 (6th Cir. 1985) (noting that the district court may decline to analyze all four factors where fewer factors are dispositive of the issue).

## II.

That leaves TRBR's motion for a temporary restraining order. (ECF No. 62.)

Federal Rule of Civil Procedure 65(b)(1) says that a Court may issue a temporary restraining order *without notice to the adverse party* only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

TRBR has failed to satisfy this standard. For one, GM has been defending itself in this case and so presumably it received notice of TRBR's motion. *See* Fed. R. Civ. P. 65(a). But in any case, TRBR's counsel has provided neither the relevant facts nor the required certification to merit relief under Rule 65(b). (*See generally* ECF No. 62.) So the Court denies this motion. (ECF No. 62.)

## III.

In sum, the Court finds that TRBR has failed to show that it merits either a preliminary injunction or a temporary restraining order, and so its motions are DENIED. (ECF Nos. 61, 62.)

SO ORDERED.

Dated: November 8, 2022

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE